Nash, C, J.
 

 The action is in assumpsit upon two promissory notes, payable on their face, to the plaintiffs, and expressed to be, one, for “ half of the balance of my subscription to the capital stock of the said company,” and the other for the other half, and expressed in the same terms. In the course of the trial below, a witness was called to show that the plaintiffs were a corporation, regularly organised, and
 
 exercising
 
 the franchises and powers granted by the Act of incorporation. The testimony was objected to by the defendant, but received by the Court. In this the Court committed no error. When it is shown, in such a case, that a charter has been
 
 *128
 
 granted, then, those in possession and actually exercising corporate rights, shall be considered as rightfully there, against wrong-doers, and all who treated or acted with them in their corporate character. The sovereign alone has a right to complain of the usurpation where there is one.
 
 Tar River Navigation Company
 
 v.
 
 Neil,
 
 3 Hawks. Rep. 520 ;,
 
 Elizabeth City Academy
 
 v. Lindsey, 6 Ire. Rep. 476. The Act incorporating the plaintiffs, forms part of the case; the parol evidence to show that they wTe-re acting under it, and enjoying the franchises granted to them, was competent evidence against tho- defendant. lie had treated with them as a corporation, lie was a subscriber to the capital stock; had paid a: portion of the subscription, and gave the notes sued on for the balance. We can see no-reason why he should not pay them. There is no error in the-judgment below, and it is affirmed.
 

 Per Curiam.
 

 Judgment affirmed.